EJECTMENT brought to April Term, 1681, for a parcel of land called More’s Ditch, in Charles County, adjoining to a tract belonging to Michael Ashford. It appears, from the entries on record, that the defendant entered into the common rule, and the cause continued.
At the next term, (Nov. 1681,) the question being as to the true ancient bounds of the land for which the defendant took defence, the Court appoints Randall Brandt, deputy-surveyor of Charles County, to resurvey and lay out the land for which the defendant took defence, in the presenge of the sheriff of the County, which said sheriff is *17 directed and empowered to summon and impanel a Jury of twelve good and lawful men of the neighbourhood to the said land, to go upon the said land, and to summon and examine witnesses upon oath, that the true bounds of the said land may the better be found out and discovered according as they were first marked, surveyed and laid out for the grantee by the surveyor thereof, and to see where the line of the plaintiff’s land did or doth begin. And the said Brandt was ordered to run the lines according to the lines and courses of the patent, and according to the imaginary lines, and according to the direction of the Jury aforesaid, and the oath of the evidences, so as the truth of the matter, touching the said original bounds of the said defendant’s land may be the better found out and discovered ; and to return a certificate of his proceedings herein, and a fair plot of the land in question, as well touching the said land according to the lines of the patent, as of the survey taken by direction of the Jury and witnesses aforesaid, in case they happen to differ, to the next Court; upon return of which certificate and plot aforesaid, the defendant is to put in his plea as he shall be advised, &c.
At the next term, (February, 1681,) it was “ ordered, “ that the defendant’s plea to this action of ejectment be “ the general issue, and that this cause come to trial next “ Court.”
At the next term, (May, 1682,) the order made at November -Term for a resurvey of the defendant’s land, is recited at length; and it is also stated, that at February Term, 1681, the surveyor made return of the proceedings, and that the cause was continued till the present term.
When it was alleged by the defendant’s attorney, that the said survey of the lands aforementioned was no true survey, for that in the plots of the defendant’s land drawn by the surveyor and returned to the Court, doth not appear to be the quantity of acres mentioned in the certificate aforesaid, and that the defendant’s witnesses, who could have proved the true ancient bound trees, and the line trees *18 from one bound tree to another, were not permitted to be th°rc,ugfrly examined, nor was there any notice taken of the line trees by the surveyor or Jury, and that the plain-has his full quantity of acres of land according to his patent, without coming within any part of the clear ground of the said defendant. And therefore the said defendant prayed that the said commission of resurvey might be renewed, and that the said surveyor might be ordered to run the true ancient bounds thereof according to the evidence and the directions of the Jury, (if the lines and bounds according to the evidence and directions of the Jury happen to differ from the lines of the patent,) and when the same is so laid out as aforesaid, that then he run the line of the plaintiff’s land next adjoining to the said defendant’s land, according to the patent for the same, and the ancient known bounds thereof. Whereupon it was ordered by the Court, with the consent of the plaintiff and defendant, that a new Warrant issue, and that the said surveyor return a several and distinct certificate, and a fair plot thereof, when surveyed.
At October Term, 1682, a trial was had, and a verdict found for the plaintiff. (a)
Taken from Lib. W. C. fol. 444. 491. 539. 544, 545.
558. 601, 602. 700. 835. 847.

 The entries in the cases of Watkinson v. Collins, and Shaw v. Lynes, are extracted from the records to shew what was the ancient practice of the Provincial Court with respect to the executing of warrants of resurvey in ejectment. It may be useful to the gentlemen of the bar to know, that the practice of executing warrants of resurvey in ejectment by the surveyor in the presence of the sheriff, under the direction of a ¿fury of the neighbourhood, impanelled by the sheriff for that purpose, prevailed for a long time in the Provincial Court. As far back as the records have been consulted,' the practice appears to have prevailed ip the following cases in addition to the two above reported.
Robert Ridgely’s Lessee v. William Layson, February Term, 1679. Liber W. C. folio 147.
William Sparkes v. Philip Lynes, February Term, 1680. Liber W. C. folio 369.
*19 Andrew Abington's Lessee v. George Thompson, May Term, 1682. Liber W. C. folio 597.
Thomas Martin v. William Stevens, March Term, 1683. Liber W. C. folio 856.
November Term, 1683. William Dent v. Francis Mason. Liber W. C, folio 830.
June Term, 1683. Martin v. James. Liber W. C. folio 747.
March Term, 1683. Baines v. Higham. Liber W. C. folio 759. Warrant of resurvey is ordered in this case to the surveyor, with power to sheriff to examine witnesses upon oath — with a Jury of the neighbourhood.
September Term, 1686. Merrall v. Holdsworth. Liber D. S. No. A. folio 425.
February Term, 1685. Phippes v. Gutteridge. Same liber, folio 273.
November Term, 1684. Edmondson v. Huntington. Same liber, folio 47. Hunton v Oldson. Same liber, folio 45.
September Term, 1684. Dent v. Weekes. Same liber, folio 25.
May Term, 1693. Staling v. Bennett, trespass quare clausum fregit. Liber D. S. No. C. folio 310.
May Term, 1694. Clements v. Maun. Liber T. L. No. 1. folio 13. 427.
May Term, 1694. Brooke v. Thasker. Same liber, folio 18.
February Term, 1695. Same liber, folio 598.
October Term, 1695. In ejectment, a commission clirected to the sheriff, whereby he is ordered to summon the surveyor to survey the land in question; and the surveyor makes return of the survey. Same liber, folio 515.
September Term, 1696. Emloe v. Sergeant. Same liber, folio 783.
Same Term. Royston v. Scisserton. Warrant of resurvey to Thomas Smithson, James Murphy, and John Slater, or any two of them, to inquire into the bounds of the land in question. Same liber, folio 814.
October Term, 1699. Gath v. Howard. Liber W. T. No. 3. fol. 113.
*20 --- Emerson v. Anderson. Warrant of resurvey directed to sheriff and surveyor to resurvey and carefully lay out the land “ as he shall be informed by a Jury of the neighbourhood.” Same liber, folio 147,
April Term, 1700. Sly v. Cooksey. Same liber, folio 352.
April Term, 1701. Comely v. Alexander. “ Ordered by the Court, that the King’s surveyor, or any other discreet or skilful person in his absence, nominated and appointed by the plaintiff and defendant in the presence of the sheriff' carefully resurvey,” &c. Same liber, folio 749.
October Term, 1701. Jones and Elgey y. Merrill and Hall. Same liber, folio 475.

Ringgold v. Purs. Ringgold v. Hinson and Parker.