WILLIAM MASON SHEHAN, Insurance Commissioner
of the State of Maryland,

*vs.*

I. TANENBAUM, SON & CO., a Body Corporate.

*Insurance brokers: licenses; corporations not entitled—. Code:
construction; section 14, Article 1; persons and corpora-
tions. Statutes: construction; intention;
extraneous circumstances.*

The object of all construction of statutes is to arrive at the
intention of the legislature.                          p. 285

If the language of a statute is ambiguous, courts are not con-
fined to it, but may make use of extraneous aid to arrive at the
meaning of the Act; in such cases the intention may be deduced
from a view of the subject-matter, the necessity of the Act, and
the object of the legislature.                          p. 285

Section 219 of Article 23 of the Code of 1912, relating to
licenses for carrying on the business of insurance brokers, does
not apply to an artificial person or body corporate.    p. 287

This Act, in addition to the regulation of the insurance busi-
ness, had for its purpose the raising of revenue.       p. 285

Although section 14 of Article 1 of the Code provides that
the word "person" shall include "corporation," unless such con-
struction would be unreasonable, yet in construing statutes the
rule can not override the clear intention of the legislature.

p. 286

*Decided June 25th, 1913.*

Appeal from the Court of Common Pleas of Baltimore
City (Elliott, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, STOCKBRIDGE and CONSTABLE, JJ.

*Arthur D. Foster*, for the appellant.

*A. C. Binswanger* (with whom was *Mayer L. Halff* on the brief), for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

The appellee, a foreign corporation, applied to the insurance commissioner to issue to it an insurance broker's license "in its own valuable corporate name." under section 200 of Art. 23, Code (1904). The commissioner refused to issue the license, upon the ground that the laws of the State did not authorize him to issue licenses to any but natural persons and to a *bona fide* co-partnership. Thereupon the appellee filed a petition asking that the writ of mandamus might issue, to compel the commissioner to issue such a license to it. Upon hearing had, the Court passed an order directing the commissioner to issue an insurance broker's license to the appellee as prayed. Thereupon the appellant took this appeal.

Section 200, Article 23, Code (1904), provides as follows: "Any person applying for the same and paying to the insurance commissioner the sum of one hundred dollars for the use of the State, and an additional sum of one dollar as a fee to the said commissioner for issuing said license, may obtain a license for carrying on the business of an insurance broker, and no license shall be issued to permit more than one person or the members of a *bona fide* co-partnership to act thereunder." The construction put by the commissioner upon the word person, appearing in the Act, was that it did not include or apply to an artificial person or body corporate.

Unquestionably the purpose of this Act, in addition to the regulation of the business of insurance brokers, was the raising of revenue for the purposes of the State. With that purpose held in view what construction should be placed upon the statute ? The object of all construction of statutes is to arrive at the intention of the Legislature, and when that is ascertained it will be carried out. A leading case in this State is that of *Canal Co.* v. *B. & O. R. R.,* 4 G. & J. 152, in which the Court, speaking through BUCHANAN, C. J., said: "Statutes should be construed with a view to the original intent and meaning of the makers and such construction should be put upon them as best to answer that intention, which may be collected from the cause or necessity of making the Act, or from foreign circumstances, and when discovered ought to be followed, although such construction may seem contrary to the letter of the statute." If the language of a statute is ambiguous Courts are not confined to it but may make use of extraneous aids to arrive at the meaning of the Act. In such cases the intention of the law makers is deduced from a view of the subject matter, the necessity of the Act and the object of the Legislature. *Clark* v. *Baltimore City,* 29 Md. 285; *Broadway Ferry Co.* v. *Hankey,* 31 Md. 346; *Mincher* v. *State,* 66 Md. 232. In the case of *Milburn* v. *State,* 1 Md. 17, this Court said: "That the policy and intention of the Legislature should be kept constantly in view, and control in a considerable degree the interpretation of language to be found in the revenue Acts." These are a few of the many cases on the construction of statutes in this State, but they all follow the cardinal principle that the intention of the Legislature should be sought and followed. In *Black on Interpretation of Laws,* 138, the rule is thus stated: "There are many cases in which the Legislature does not mean that the word person shall include corporations. This is always a question of intention, and the intention must be sought for and determined in each case by the aid of the context, the general scope and purpose of the Act and other pertinent

considerations." To the same effect is section 89 of *Endlich on the Interpretation of Statutes.*

The appellee relies upon the Rule of Interpretation as it appears in sec. 14, Art. 1 of the Code (1912), providing that "The word person shall include corporation, unless such a construction would be unreasonable." But if such construction is without the clear meaning and intention of the Legislature it would be unreasonable to so include it. And although the rule is to be followed in some cases it cannot override the clear intention of the Legislature.

The Act says: "No license shall be issued to permit more than *one person* or the members of a *bona fide* co-partnership to act thereunder." Under section 17, Article 56 of Code 1888, the license was provided for as follows: "Any person applying for the same and paying the sum of one hundred dollars, may obtain a license for carrying on the business of insurance broker." This Act was repealed by the present. And bearing in mind that revenue is one of the main purposes of the Act, the Legislature seems to have wanted to make clear that although they extended the privileges of the license to the members of a *bona fide* co-partnership, they nevertheless intended, when issued to a person, its use was restricted to the use of one person. Corporations necessarily conduct their business through officers and agents. If then the proper construction would be to include corporation in the word person, there would be the effect of restricting the use of the license to one individual and at the same time permitting a corporation through any army of agents to negotiate insurance, upon the payment of one license fee. We do not think because the privilege is extended to the members of a co-partnership to do business on one license that it is open to the same criticism, for the Act limits its use to the members of a *bona fide* co-partnership. Whenever the numbers of the co-partnership indicated that it was not a *bona fide* co-partnership, action could be taken under the penalizing section. And in addition the use of the license would

be confined to the individual members. In the case of a corporation there would be no means of restricting the number of agents who could operate under the one license. Thus if we apply the rule of interpretation it would be unreasonable to include corporation in the word person, for it would defeat the revenue feature of the Act.

The character of business to be conducted by the appellee itself clearly indicates this. According to the averments of its petition, it installs automatic sprinklers and fire-saving devices, after making a contract to write the fire insurance business of its customer. The premium on the policy is fixed at a certain rate and after the installation of the device the rate of premium is sufficiently lower to the appellee as to make the difference between the fixed contract rate and the actual premium rate an amount large enough to pay it for its apparatus, the work of installing it and a profit. Its agents scattered throughout the State selling a fire saving apparatus would each in reality be an insurance broker, under the definition contained in section 199 of Article 23, Code (1904), and all the State would derive in the way of revenue would be one hundred dollars, the cost of one license.

While this is only used by way of illustration to show the way in which the revenue feature would be destroyed, it nevertheless aptly shows that the Legislature could never have meant, when it provided that the license was not to be used by more than one person, to have included corporations in its use of the word person. Any other construction would be unreasonable.

> *Order reversed and petition dismissed, with*
> *costs to the appellant.*