## 12115

### STATE v. REED

#### (135 S. E., 877)

FORGERY—EVIDENCE THAT DEFENDANT REPRESENTED HIMSELF TO BE PARTICULAR PERSON OF FICTITIOUS NAME AND SIGNED DRAFT HELD TO SUSTAIN CONVICTION FOR FORGERY (CR. CODE 1922, § 99).—Evidence that defendant represented himself to be a particular person of fictitious name, and falsely represented himself to be the brother of a particular person and as such signed draft, *held,* sufficient to sustain conviction for forgery, under Cr. Code 1922, § 99.

Before HENRY, J., Richland, April, 1926. Affirmed.

C. P. Reed, alias Gus Reed, was convicted of forgery, and he appeals.

*Messrs. DePass & Depass, M. W. Mooty and Alfred Wallace, Jr.,* for appellant cite: *Forgery:* Crim. Code, 1922, Sec. 99; 54 S. C., 300; 3 McC., 442, note. Same; *Georgia Statute construed:* Ga. Code, Sec. 4453; 19 S. E., 55; 16 S. E., 945. *Signature of fictitious name not forgery at Common Law:* 26 C. J., 898; I Leach, C. C. 57; 5 O. B. D., 34.

Mr. A. F. Spigner, Solicitor, for respondent.

December 3, 1926.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"The defendant was convicted April 21, 1926, on a charge of forgery in the Court of general sessions for Richland county. Defendant moved the Court to direct the jury to return a verdict of 'Not Guilty' on all three counts of the indictment on the grounds more fully set out in the motion itself that the evidence was not sufficient to sustain a conviction under the indictment. This motion was overruled by Judge Henry, and the case was submitted to the jury, who brought in a verdict of 'Guilty.' This appeal is based on the theory that it was error to overrule defendant's motion."

At the close of the evidence defendant moved for a directed verdict on the ground that the evidence shows that the instrument was not a forged instrument. The defendant represented himself to be C. P. Brown and falsely represented himself to be a brother of Hon. Edgar Brown; as such he signed the draft and received the money. It is true he is not the man he represented himself to be, but to allow him to escape the consequences of his representations would be a travesty on justice. He was C. P. Brown when he signed the draft; he was C. P. Brown when he passed the draft and received the money; to allow him now to say that he was not C. P. Brown, but signed a fictitious name, and escape the consequences, would be farcical and bring justice into disrepute. He must be bound by the consequences of his own voluntary act.

We find the following in a footnote in *State v. Foster,* 3 McCord, 442:

"See also the case of *King v. Froud,* 1st Bond and Bing, 300, where it was held a forgery, although no such person existed as the individual purporting to have drawn the order."

All exceptions are overruled and judgment affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, and STABLER and MR. ACTING ASSOCIATE JUSTICE RAMAGE concur.

MR. JUSTICE COTHRAN: Even if the offense be not forgery at common law,. it clearly comes within the terms of Section 99 of the Criminal Code.

MESSRS. BLEASE and STABLER and MR. ACTING ASSOCIATE JUSTICE RAMAGE concur.