# GREEN *v.* STATE.*

(Division A.   Jan. 14, 1929.)

[119 So. 808.   No. 27573.]

*Corpus Juris-Cyc References: Forgery, 26CJ, section 119, p. 961, n. 56; p. 962, n. 77; section 137, p. 971, n. 73; On effect of possession of forged instrument as evidence of forgery, see annotation in 61 L. R. A. 820; 12 R. C. L. 162.

*F. E. Leach,* for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

SMITH, C. J. This is an appeal from a conviction of forgery, and one of the assignments of error is that the evidence is insufficient to support the verdict.

The evidence for the state discloses that the appellant, who claims to be H. H. Kemp, gave Barnett, for value, a check by Howell on the Bank of Carthage, payable to the order of H. H. Kemp. The bank declined to pay this check, and returned it to Barnett. Afterwards the appellant gave Barnett a check on the Bank of Carthage signed by C. A. Lowe, which signature was proven to be a forgery, payable to the order of H. H. Kemp, for thirteen dollars which bore on the back thereof what purported to be the indorsement of H. H. Kemp, who the appellant claims to be.

Barnett then delivered the five dollar check to the appellant, together with the sum of eight dollars in money.

After leaving Barnett's place of business, the appellant was seen to tear up the five dollar check.

The appellant's evidence was to the effect that he knew nothing of the transaction with Barnett, did not negotiate either check with him, and knew nothing of the forgery.

Possession by the appellant of the forged instrument, with claim of title thereto, is *prima-facie* evidence that he either forged it, or procured it to be forged. And since the jury rejected his claim that he did not pass the check to Barnett, and believed that he did so pass it, his possession thereof was left unexplained, and was therefore sufficient to warrant his conviction. 26 C. J. 961. This is but an application of the presumption of guilt from the possession of property which this court has uniformly applied in cases of larceny.

In addition thereto, the jury was warranted in taking into consideration the fact that he claimed to be the payee in the check, and to compare the signature on the back thereof, which they were warranted in believing was written by the appellant for the reason that he claimed to be H. H. Kemp, with that of the drawer of the check. The comparison of the two signatures, they being different, was, of course, of little value, and would not, of itself alone, have warranted a conviction.

The venue was sufficiently proven, for the presumption is that the forgery was committed at the place where the appellant passed the check to Barnett (26 C. J. 961), which the evidence shows was in Leake county.

*Affirmed.*