16877

STATE v. ORR

(82 S. E. (2d) 523)

George H. Orr, Appellant, acting in own behalf,

James R. Mann, Solicitor, of Greenville, for Respondent,

June 7, 1954.

Oxner, Justice.

At the March, 1953, term of the Court of General Sessions for Greenville County, appellant was convicted of forgery by both fraudulently making and uttering the forged instrument, Section 16-531 of the 1952 Code, and sentenced to imprisonment for a period of two years. He was not represented by counsel either in the Court below or on this appeal. However, the record indicates that he is rather

familiar with court procedure. He argued the case orally before this Court and has filed a well considered brief.

Appellant first questions the jurisdiction of the Court below on the ground that he was unlawfully removed from the penitentiary and brought to Greenville for trial while there was pending and undecided a *habeas corpus* proceeding instituted by him in the Court of General Sessions for Richland County. No facts relating thereto are shown in the transcript of record. They appear only in appellant's brief. We would be fully warranted in refusing to consider this exception under Rule 8, Section 7, which states that this Court will not consider any fact not inserted in the transcript. However, we shall do so as a matter of grace.

It appears that on January 23, 1953, while serving a sentence in the state penitentiary on another charge, appellant applied to the Court of General Sessions for Richland County for a writ of *habeas corpus*. The writ was issued and a hearing held on February 26, 1953. Before a decision was rendered, he was brought to Greenville for the trial now under review. He claims that this was a violation of Section 17-262 of the 1952 Code. Assuming, without deciding, that this section is applicable, it will be presumed that a proper order was issued for his removal. Moreover, this question was not raised in the Court below. On the contrary, the trial Judge inquired of appellant several times whether he was ready for trial. Each time he answered in the affirmative and the case proceeded without any objection. Any question as to jurisdiction of his person was clearly waived.

It is asserted that the Court below erred in failing to examine the jurors on their *voir dire,* as provided by Section 38-202 of the 1952 Code. The record discloses no motion or request for such an examination. Under these circumstances, the omission to make a *voir dire* examination cannot be assigned as error. *State v. Cooper,* 212 S. C. 61, 46 S. E. (2d) 545.

It is next contended that the evidence is insufficient to sustain a conviction. There was no motion for a directed verdict and the sufficiency of the evidence was first raised on a motion for a new trial. We shall waive the requirement of Rule 76 of the Circuit Court and consider the question.

An assistant manager of one of the Dixie Home Stores testified that on March 26, 1952, appellant, whose name he did not know but whom he had seen on several occasions, came into the store and requested him to cash a check for $48.10, drawn on the Pickens branch of the South Carolina National Bank, purportedly signed by R. G. Surett and payable to Earl Stone. He said that the check bore the alleged endorsement of Earl Stone, whom appellant claimed to be, and that after a brief discussion, the check was cashed and appellant bought some groceries. It subsequently developed that no person bearing the name of R. G. Surett had ever had an account at the drawee bank or was ever a customer of such bank, and that there was no such person as Earl Stone living at the address given on the back of said check. In fact, the evidence as a whole shows rather conclusively that the names of the maker and payee were fictitious. No testimony was offered by the defense and appellant's possession of the false instrument stands unexplained.

It is argued that while "it may be inferred from the record that defendant is guilty of a fraud", by "no stretch of the imagination" could one conclude from the evidence that he is "guilty of the making of the instrument." Appellant says in his brief: "Not every trick or false pretense or fraudulent act consummated by means of a written instrument is a forgery * * * Merely passing one's self off as the person whose true name appears on the instrument is not forgery as charged in the indictment for there was no false making, which is necessary to constitute forgery where the making is a material allegation in the indictment." While he does not concede that the evidence is sufficient to sustain a con-

viction of uttering the instrument, little attention is given in his brief to the count of uttering.

To constitute forgery the name alleged to be forged need not be that of any person in existence. It may be wholly fictitious. *State v. Reed,* 137 S. C. 444, 135 S. E. 877; 37 C. J. S., Forgery, § 10, page 39. Here appellant is found in possession of a fictitious check and claiming to be the person named as payee, gets it cashed. His possession of the false instrument is unexplained. The following language of the Court in *Overby v. State,* 24 Ala. App. 254, 133 So. 915, 916, is applicable: "It is insisted on the part of appellant that there is no evidence tending to prove that he made, or caused to be made, the check here charged to be forged. This would be true but for the rule that one found in the possession of a forged instrument of which he purports to be the beneficiary, and applying it to his own use, must, in the absence of explanation satisfactory to the jury, be presumed to have forged it or to have been privy to its forgery." This rule is sustained by the overwhelming weight of authority. *Dennis v. Commonwealth,* 144 Va. 559, 131 S. E. 131; *State v. Ramage,* 51 Nev. 82, 269 P. 489; *Green v. State,* 152 Miss. 282, 119 So. 808; 37 C. J. S., Forgery, § 80, page 91.

We think the evidence is sufficient not only to sustain the charge that appellant uttered this check, knowing it to be false, and with the intent to defraud, but under the foregoing authorities, to also sustain the count in the indictment that he fraudulently made said instrument with a like intent. In fact, the evidence warrants no other reasonable conclusion.

It is claimed that the Court unduly restricted the right of cross-examination in excluding the following question which appellant asked the assistant manager of the Dixie Home Stores: "How do you expect to get your money back?" The record does not disclose the purpose of this question or what appellant was seeking to establish. He states in his brief that this question was asked

because he had reason to believe that the witness had been promised money in excess of the usual witness fee, and that he was seeking to impeach his credibility. If so, his inquiry should have been more specific. Apart from this, however, a broad discretion is given the trial Judge in a matter of this kind. *State v. Maxey,* 218 S. C. 106, 62 S. E. (2d) 100. We find no abuse of discretion.

Complaint is also made as to the sufficiency of the charge with respect to the form of the verdict. It is said that the jury was not clearly instructed that they could find the defendant guilty on one count and not guilty on the others. A careful reading of the charge shows that there is no merit in this exception.

Finally, it is contended that the record is incomplete and should have shown highly prejudicial remarks on the part of the solicitor and the failure of the trial Judge to properly protect the rights of the accused. Appellant agreed to the record for appeal. If he was dissatisfied with that furnished by the court stenographer, appropriate steps should have been taken to have same corrected. We might add that the record before us shows that the trial Judge gave appellant every consideration and zealously safeguarded all his rights.

Judgment affirmed.

STUKES, TAYLOR and LEGGE, JJ., and EATMON, Acting Associate Justice, concur.