ROSE *v.* STATE

[No. 392, September Term, 1964.]

*Decided August 23, 1965.*

The cause was argued before HAMMOND, HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

*David S. Cordish* for the appellant.

*John C. Cooper, III, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Robert F. Sweeney, Assistant Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Stanley S. Cohen, Assistant State's Attorney,* on the brief, for the appellee.

BARNES, J., delivered the opinion of the Court.

The appellant, James Raphael Rose, a resident of Baltimore City, was indicted by the grand jury on four counts: 1) for burglary, in the night time, on June 12, 1964 of the dwelling of Johanna Ciocconardi at 1745 East Pratt Street; 2) for being a rogue and vagabond in violation of Code, Art. 27, Sec.

490; 3) larceny of one lady's yellow gold diamond cocktail ring valued at $500.00, a gold wedding ring valued at $35.00, a gold wristwatch valued at $80.00, a Polaroid Land Camera, valued at $100.00, a brown alligator make-up case valued at $250.00, a portable typewriter, valued at $70.00 and two leather wallets; and, 4) receiving the stolen goods mentioned in count 3. Judge Harlan, sitting without a jury in the Criminal Court of Baltimore, found the appellant guilty on count 3 and not guilty on the other three counts. A sentence of three years in the Maryland Correctional Institution was imposed.

The appellant was arrested on June 14, 1964 in connection with the investigation of a stolen automobile. After his arrest, the police investigated a burglary at 1745 East Pratt Street. Neither Mrs. Ciocconardi nor her husband heard the thief enter their second floor apartment and steal the personal property mentioned in count 3 of the indictment. Mrs. Ciocconardi testified in regard to the objects lost and their value.

The principal witness for the State was Mrs. Bonnie Meekins, sister of Douglas Sutton. During the summer of 1964—"it could have been" the month of June—Sutton and Rose came to her home. Speaking of Rose, she testified:

> "A. He came in the house with my brother, Douglas and told me that he had a ring and an overnight case that belonged to his girl friend and they needed twenty dollars. He wants to sell it. I told him all I had was ten dollars. So I give him ten dollars for it.
> Q. What did he give you for the ten dollars?
> A. A ring and overnight case."

The ring and overnight case were three weeks later identified as the property of Mrs. Ciocconardi and were taken into custody by the police.

On cross-examination, Mrs. Meekins testified, in reply to the question: "Isn't it a fact you actually made this transaction with your brother? 'No. Him and Jimmy Rose, both.' " She then testified that her brother was carrying the overnight (make-up) case and Rose was carrying the ring. She gave the money to Rose. She could not recall which of the two told her how much was wanted for the items but she did recall that

Rose told her "they belonged to his girl friend; he needed the money."

Officer Joseph Kelly, after testifying in regard to the investigation of the stolen car in which Rose was arrested, stated:

> "A. After we took the report we learned from a series of people throughout the neighborhood that James Rose and Doug Sutton were frequent visitors of the apartment—"

At this point, counsel for Rose stated, "Objection, your Honor." The trial court overruled the objection. There were no further objections to the testimony of Officer Kelly.

The appellant Rose did not testify at the trial in his own defense. His mother and his girl friend testified to an alibi; but no testimony was given to explain how the stolen objects came into Rose's possession.

The questions raised by the appellant in this appeal may be summarized as follows:

1. Was the appellant prejudiced by the admission of certain hearsay testimony given at the trial?

2. Was there sufficient evidence on which the trial court could properly arrive at a verdict of guilty on count 3?

In our opinion, there was no prejudice to the appellant by the admission of the hearsay evidence and there was sufficient evidence to support the trial court's verdict of guilty on count 3.

## I.

In regard to the hearsay statement of Officer Kelly, it should first be pointed out that the apartment referred to was not stated to be the apartment of Mrs. Ciocconardi. Officer Kelly was interrupted by the objection of counsel before completing the statement. Even assuming, *arguendo,* that the apartment referred to was that of the victim, the statement was not prejudicial as it did not suggest that Rose had been guilty of any misconduct on the prior visits. This statement was merely preliminary and only gave one of the steps in the investigation leading ultimately to the witness, Mrs. Meekins, whose testimony resulted in the conviction of the appellant on count 3. It did not injure the appellant and, at the most, was harmless

error. See *Hopkins v. State*, 193 Md. 489, 499-500, 69 A. 2d 456 (1950), appeal dismissed, 339 U. S. 940, 70 S. Ct. 797, 94 L. Ed. 1357 (1950).

Counsel for the appellant in this Court suggests that the objection of counsel in the trial court, quoted above, was sufficient to raise an objection (even though unstated) to Officer Kelly's testimony which followed, but we cannot agree with this contention. To preserve an issue on appeal in regard to the admissibility of evidence, generally speaking there must be an objection made to the question eliciting the allegedly objectionable answer. *Madison v. State*, 200 Md. 1, 14, 87 A. 2d 593 (1952) ; *Davis v. State*, 189 Md. 269, 55 A. 2d 702 (1947).

Under the provisions of Maryland Rule 885, we will not ordinarily decide any point or question which does not plainly appear by the record to have been tried and decided by the lower court. This Rule applies to criminal cases as well as to civil cases. *Kares v. State*, 215 Md. 396, 137 A. 2d 712 (1958). See *Davis v. State, supra*.

If counsel desires to preserve an objection to a line of testimony, this must be stated to the trial court and a continuing objection indicated. This is the effect of Maryland Rule 522. As Judge Prescott, for the Court, aptly pointed out in the *State Roads Commission v. Bare*, 220 Md. 91, 94, 151 A. 2d 154 (1959) :

> "Rule 522 d 2 reads that '[e]very objection to the admissibility of evidence shall be made at the time when such evidence is offered, or as soon thereafter as the objection to its admissibility shall have become apparent, otherwise the objection shall be treated as waived.' The committee's note states: 'Counsel are cautioned that in the light of the Court of Appeals construction of its former Rule 17, which is the foundation for Rule 522, a ruling of the court must be obtained upon each objection, in order to lay the proper foundation for an appeal.' Generally speaking, specific objection should be made to each question propounded, if the answer thereto is claimed to be inadmissible."

As already indicated, there was no objection made to any

of Officer Kelly's testimony subsequent to the objection quoted above and there was no indication by counsel for Rose that the objection was made to the subsequent testimony. Under these circumstances no issue is preserved on appeal in regard to that testimony. It may be added, however, that, in our opinion, the subsequent testimony of Officer Kelly was not prejudicial to Rose in any event.

## II.

In regard to the sufficiency of the evidence to justify a conviction on count 3, it should be pointed out that Rose does not dispute that the ring and overnight case were among the items stolen from the victim. The testimony of Mrs. Meekins was, in our opinion, quite sufficient to justify the trial court in finding that Rose was in possession of the stolen goods soon after the theft and, in the absence of a reasonable explanation of how Rose came into the possession of the stolen goods, the trial court could draw the inference (as it did) that Rose had stolen the objects. As Judge Hammond, for the Court, stated in *Felkner v. State*, 218 Md. 300, 305, 146 A. 2d 424, 428 (1958) :

> "The possessor of stolen goods soon after the theft must give a reasonable explanation of how he came into possession or face the inference that he is the thief."

Counsel for the appellant seeks to distinguish the case at bar from the general rule by arguing that Rose's possession of the stolen objects was not exclusive, but the objects were in the possession of two persons without evidence of concert of action between them, relying on *Frazier v. State of Texas*, 88 Tex. Crim. 411, 227 S.W. 324 (1921) and 52 C.J.S. *Larceny*, Sec. 107 at page 929, to indicate that under these circumstances the general rule does not apply.

In our opinion, Mrs. Meekins' testimony could reasonably be taken by the trial court to indicate that Rose had the exclusive possession of the stolen objects. They were allegedly the property of *his* girl friend. *He* needed the money. *He* received the money. For the ten dollars, *he* turned over the ring and overnight case to Mrs. Meekins. Such testimony of Mrs. Meekins which might be said to indicate the possible possession of

her brother also, would imply a concert of action between Rose and the brother and this would distinguish the case at bar from the *Frazier* case. We do not reach the question of whether our decision in *Felkner v. State, supra,* is inconsistent with the decision in *Frazier v. State of Texas, supra,* as suggested by counsel for the State.

The trial judge indicated that he did not believe the testimony in regard to the purported alibi.

Counsel for the appellant also urges that the testimony of Mrs. Meekins is "improbable" and should not have been accepted by the trial court. As we stated in *Jacobs v. State,* 238 Md. 648, 650, 210 A. 2d 722, 723-724 (1964) :

> "* * * [W]here the case is tried before the trial court without a jury the trial court's 'judgment will not be set aside on the evidence unless clearly erroneous and due regard will be given to the opportunity of the lower court to judge the credibility of the witnesses.' Maryland Rule 886 (a)." See also *Wesbecker v. State,* 240 Md. 41, 212 A. 2d 737 (1965).

It is clear to us that the findings of the trial court were not clearly erroneous, but were supported by the evidence.

*Judgment affirmed.*