## 18607

Sylvan ROSEN, Complainant, v. Matthew Hansford MIMS, Respondent

(153 S. E. (2d) 390)

*Messrs. Daniel R. McLeod, Attorney General,* and *Ben T. DeBerry, Assistant Attorney General,* of Columbia, *for Complainant,*

*M. H. Mims, Esq.,* of Edgefield, *pro se Respondent,*

February 16, 1967.

*Per Curiam.*

This disciplinary proceeding is before us on a rule requiring the respondent, Matthew Hansford Mims, who was admitted and qualified to practice law by this court in 1931 and is engaged in such practice at Edgefield, South Carolina, to show cause why a report of the Board of Commissioners on Grievances and Discipline, finding him guilty of misconduct as an attorney and recommending his disbarment, should not be confirmed.

The report of the Board of Commissioners followed a formal complaint filed by a member of the board, after an investigation by such member, acting in his official capacity by appointment of the chairman of the board, extended hearings before a panel of the board and a report of such panel, including its findings of fact and recommendations, together with a transcript of the rather lengthy testimony and numerous exhibits. See Rule on Disciplinary Procedure for Attorneys. Volume 15, Code of 1962, pp. 187-198.

The complaint charges that respondent was guilty of numerous acts of misconduct from 1953 through 1961. During this period he was treasurer of and attorney for the Edgefield Building and Loan Association, and conducted this business from his law office.

The complaint alleges that respondent, in conducting the affairs of the association, was guilty of fraudulent and dishonest acts, as specified in the complaint, which tended to bring the legal profession into disrepute. Of these allegations, paragraphs 43 through 50 of the complaint charge that on divers dates between November 16, 1959, and November 28, 1961, the respondent, as treasurer, drew six checks on the account of the association in The Bank of Trenton, payable to A. T. Simpkins, a fictitious person, and drew two checks on the account of the association in The Security Bank, Edgefield, South Carolina, payable to F. E. Wright, a fictitious person, and that respondent forged payee endorse-

ments on these checks, all with the intention of misappropriating the funds of the association and converting them to his own use.

The answer of the respondent was simply a general denial of the allegations of the complaint.

Extended hearings were held before the panel, commencing on September 20, 1965, and terminating October 14, 1965, at which evidence was produced to establish most of the allegations of misconduct set forth in the complaint, including the allegations of paragraphs 43 through 50 thereof. Although afforded every opportunity to do so, the respondent declined to testify and did not offer any witness in his behalf. The panel found that the allegations of paragraphs 43 through 50 of the complaint, and others, had been established by clear and convincing evidence and that the conduct of the respondent tends to bring the legal profession into disrepute and warrants his disbarment. As already indicated, these findings of the panel were affirmed and its recommendation was approved by the board.

The eight checks referred to in paragraphs 43 through 50 of the complaint total $22,440.00 and range in amounts from $1,000.00 to $6,500.00. As appears on the face of the checks, each of them was presented to and paid by the bank on which it was drawn. Five of the checks bear only the purported payee endorsement. In addition to such endorsement, a check to A. T. Simpkins, dated January 12, 1961, in the amount of $2,325.00, and a check to F. E. Wright, dated February 8, 1961, in the amount of $6,500.00, bear the subsequent endorsement "M. H. Mims, Attorney." One other check bears the subsequent endorsement "Edgefield Building and Loan Association, M. H. Mims, Treasurer."

The record does not reflect that the proceeds of these checks were traced through the books of the drawee banks or otherwise. However, the evidence requires the conclusion that respondent, in violation of his trust,

issued the checks to fictitious payees and forged * the payee endorsements with fraudulent intent. There is a natural inference that respondent controlled the disposition of the proceeds of checks issued by him to fictitious payees and paid out on endorsements forged by him. As to two of the checks, totaling $8,825.00, respondent's subsequent endorsements establish *prima facie* that the funds were paid to him.

The respondent's return to the rule issued by this court objects that the only evidence to establish forgery of the endorsements of the checks was the testimony of George F. Mesnig "who expressed only an opinion." There is no other challenge to the findings with respect to these allegations of the complaint. The witness Mesnig is an eminently qualified handwriting expert. At the time of the hearings, he had been employed by the Federal Bureau of Investigation in Washington, D. C., for some twenty-nine years as a document examiner, which includes the identification of handwriting, handprinting, typewriting and related matters. Respondent conceded the qualifications of the witness and we omit further details which appear in the record. Prior to the trial, the witness had been furnished with known specimens of respondent's writing, including an exhibit on which respondent had written the names of the fictitious payees a number of times, and had made a comparison of the specimens with the endorsements on the eight checks. Based upon this study, which included the use of enlargements of the writings, he testified, in effect, that in his opinion the payee endorsements on the checks were written by respondent. The witness expounded in clear and convincing detail the characteristics which were common to the specimens of respondent's writing and to the endorsements and which led him to this conclusion. We agree with the panel and board that this testimony, when considered in the light of the exhibits, impels conviction that respondent did forge the payee endorsements on the checks in question.

---

* "To constitute forgery the name alleged to be forged need not be that of any person in existence. It may be wholly fictitious." *State v. Orr*, 225 S. C. 369, 374, 82 S. E. (2d) 523, 526.

Respondent's return challenges the sufficiency of the evidence to establish findings by the panel as to other charges against him, and objects to the conduct of the hearings and to the report of the panel in certain particulars. None of these objections has any substantial relation to respondent's guilt with respect to the spurious checks and their endorsements, as alleged in paragraphs 43 through 50 of the complaint. These charges have been proved by clear and convincing evidence, as has been shown. They quite clearly involve moral turpitude, and warrant the respondent's disbarment as recommended by the board. Therefore, we find it unnecessary to pass upon the other objections raised by the return.

The respondent, Matthew Hansford Mims, is hereby disbarred from the practice of law in this State. He shall, within five days of the service of this order upon him, surrender his certificate of admission to practice law to the Clerk of this Court for cancellation.