## WM. F. WALKER *v.* JESSE BROWN.

1. STATUTE—ACT OF 14TH FEBRUARY, 1842, HUTCH. CODE, pp. 918, 919—RIGHT OF REDEMPTION OF LAND SOLD UNDER EXECUTION. — The right of redemption under the statute of 14th February, A. D. 1842, Hutch. Code, pp. 918, 919, is dependent on the tender to the purchaser at the sale, or any one claiming under him, of the amount bid and ten per cent interest thereon, and upon such tender, or payment, the purchaser shall reconvey, but at the costs and charges of the debtor.

2. SAME — SAME — CONDITION ON WHICH RIGHT TO REDEEM EXISTS—TENDER, AND RIGHTS OF PARTIES. — The tender must be complete and unconditional, of the amount of the bid and interest, and there must be a proposal by the party offering to redeem, to defray the costs and expenses of the reconveyance. If this offer is declined the right to the reconveyance is complete. From the moment the tender is made, the party tendering holds the money as bailee for the purchaser, who may, at any time, call for it, and is at all times entitled to recover it. If, at any time, the purchaser proffers to accept the money the debtor must be prepared and ready to hand it over. Should he decline to do so, he would be put in default, and a tender once made would thereby be as though it never had been.

3. CHANCERY — AMENDMENT — WHEN TOO LATE. — It is not error to refuse leave to complainant to file an amended bill, after the cause is prepared and set down for final hearing, which proposes to introduce new and independent matter as ground of relief, which was known to him when he filed his original bill.

APPEAL from the chancery court of Madison county. HENRY, J.

The case decided is fairly presented by the opinion of the court.

*George L. Potter*, for appellant.

*John Handy*, for appellee.

The counsel on both sides reviewed, in lengthy written arguments, the facts and law of this case, but, as the decision was made to turn chiefly upon a question of fact, the reporter has not thought proper to attempt to abridge their arguments for insertion here.

SIMRALL, J. :

This bill in chancery was exhibited by Wm. F. Walker, appellant, against Jesse Brown, appellee, to redeem lands

sold under legal process by the sheriff. One Nash was the purchaser from the sheriff, who sold to Walker before the expiration of the two years allowed the judgment debtor for redemption. So that Brown occupies precisely the position of his vendor Nash.

The right of redemption, under the statute of 14th February, A. D. 1842, Hutch. Code, p. 918, 919, is dependent on the tender to the purchaser, at the sale, or any one claiming under him, of the amount bid, and ten per cent interest thereon. And upon such tender or payment, the purchaser shall re-convey, but at the costs and charges of the debtor. The controversy in the chancery court was mainly one of fact. Did Walker make a tender of the redemption money? And, if he did, was he not, on the same day, put in default by Brown, who proposed to secure it, but Walker declined to pay it over?

The judgment debtor must do all that is required of him; his tender must be complete and unconditional of the amount of the bid and interest, and he must also propose to defray the costs and expenses of the re-conveyance. If this offer is declined, his "right" to the re-conveyance is complete. From the moment the tender is made, he holds the money as bailee for the purchaser, who may at any time call for it, and is at all times entitled to receive it. If at any time the purchaser prefers to accept the money, the debtor must be prepared and ready to hand it over, for in legal estimation it is the purchaser's money. Should he decline to do so, he would be put in default. When, by the terms of the contract, the vendor might, on failure to pay the installments by the vendee, take possession of the land; if after failure to pay, he declines the possession, but permits the vendee to remain in, he should, before he can put the purchaser in default, demand performance. Prophit v. Robinson, 34 Miss. 142. Brown having (if such be the fact proved) refused the money, might well repent, and give notice that he will receive it; if it then had been paid to him, the right to a re-conveyance would have been complete, however

informal the original tender may have been.  But if the debtor refuse to hand over the money, on the plea that he had once tendered it, when it was declined, or because he has use for it, it is in law to him as though it had never been made; the weight of the testimony, as we think, puts the complainant in this attitude.  We are disposed (as the chancellor doubtless was) to place more confidence in the contemporaneous written memoranda of the witnesses, Ross and Lott, than the unassisted memory of others, who speak of conversations and statements had and made several years before.  In the afternoon of the day, when the tender of the money was claimed to have been made, Brown, in company with Ross and Lott (who were selected for the purpose of witnessing what occurred) had an interview with Walker (of which Ross then made a written memoranda); Brown, after recounting what had transpired in the forenoon, to the effect that Walker had applied to him, with the money to redeem, but, being about dinner hour, the matter was postponed until the evening for settlement.  Walker assented to the correctness of this statement.  Brown then demanded of said Walker the money, Walker refused and said "he had it, and intended to hold on to it," etc.  Not only did the complainant withhold the money on that occasion, but he failed to bring the money into court when he filed his bill, to be accepted or not by the defendant.  This bill is in the nature of an application for specific performance.  He must come ready, willing, and offering to do all that is incumbent on him.  The bill assumes that his equity was complete the moment he made the tender, and that there is no duty upon him to pay the money.  In seeking equity he must do equity, or at least offer to do it toward his adversary.  Klyce v. Broyles, 37 Miss. 524.

But there is another view of the testimony which may be taken.  The narrative made by Brown to Ross and Lott, in the presence of Walker, and to the correctness of which he assented, contains this statement: "That about the time the bell rung for dinner, Walker came to him with the

money, for the purpose of redeeming the land, and that he, Brown, told Walker to wait until after dinner, when they would settle it. The final conclusion was postponed until after dinner, when Brown would give his response. When the parties met in the afternoon, Brown notified Walker that he would take the money. The contemporaneous writing made by Ross states this occurrence thus : "Brown called on us to witness that he demanded from Walker the money he claimed on that day to have tendered," etc. There seems to have been doubt whether, in fact, a tender had been made ; whether made or not, the final decision was delayed until after dinner ; then Brown notified Walker of what he would do. Walker's answer was, he had the money and intended to keep it. It would seem then, that Brown never refused the offer, and that the response made at the time appointed for the settlement of the business was an acceptance of the offer. In this aspect of the case, Brown never was put in default, and Walker never did make a substantial *bona fide* compliance with what was incumbent on him.

We do not think there was error in refusing leave to complainant to file an amended bill. It proposed to introduce new and independent matter as grounds of relief, which was known to him when he filed his original bill. After he had prepared the amendment, much time elapsed before leave was asked to file it. Great negligence and laches are chargeable to the complainant. Indeed, the amendment was not proposed to be filed until the cause had been prepared and set down for final hearing on the issue made by the pleadings. The application came too late. Art. 49, Code, 547.

*The decree is affirmed.*