GEORGIA DUGGAN ET AL. *v.* J. W. CHAMPLIN ET AL.

1. DEEDS.  *Signature.  Delivery.  Sunday law.*

   A deed of trust is not void because it was signed by the debtor and his wife and dated on Sunday, when it had been drawn up and handed to him for their signatures on a secular day, and was, after signature, delivered on a secular day to the beneficiary, without the latter's knowledge of its having been signed on Sunday.

2. SAME.  *Homestead.  Wife's signature.  Code 1892, § 1983.*

   No exception to the above rule is created by § 1983, code 1892, providing that no conveyance of the homestead shall be valid unless signed by the wife of the owner.

3. CHANCERY PRACTICE.  *Amendment.  Dilatory application.*

   An application to remand a cause to rules so that defendant may amend his answer to a bill for the foreclosure of a trust deed, aver usurious charges and demand a discovery, is made too late when the cause has been prepared and set down for hearing and is being argued for the complainant.

4. ATTORNEY'S FEE.  *Stipulation for, valid.*

   A stipulation for an attorney's fee is valid, and may be enforced in a proceeding to foreclose the deed of trust securing the same. *Brahan* v. *Bank*, 72 Miss., 266, cited.

FROM the chancery court of Yazoo county.

HON. H. C. CONN, Chancellor.

The facts are stated in the opinion of the court.

*Campbell & George*, for the appellants.

1. The court below erred in its conclusion that there was no such participation by Champlin in the violation of the Sunday law as should subject him to its penalties. It is true he was not present when the notes and deed of trust were signed, but they bore date on Sunday, and he was affected with notice of all that was shown by the face of the writings. See *Morgan* v. *Burrow*, 16 So. Rep., 432; *Kountz* v. *Price*, 40 Miss., 343; *Anderson* v. *Bellinger* (Ala.), 6 So. Rep., 82; *Mitler* v. *Lynch*, 38 Miss., 344; *DeForth* v. *Railroad Co.*, 9 N. W. Rep., 17. The evidence offered to show that the instruments were not, in fact, signed on Sunday was wholly unsatisfactory and inconclusive.

2. The trust deed was invalid under § 1983, code 1892, as to the homestead, because not signed by the wife, her signature thereof on Sunday being ineffectual in legal contemplation. The statute gave her no interest or estate in the homestead, but only 'a veto power against its conveyance or incumbrance, to be exercised by signing or not signing the instrument of transfer. No delivery or even acknowledgment of the deed was necessary on her part under the law, and its subsequent delivery by her husband could not be substituted for the single act on her part essential to its validity. The date of her performance of this act was *dies non*, and the act itself must be taken as still remaining unperformed. *Billingsley* v. *Niblett*, 56 Miss., 536; *Smith* v. *Scherck*, 60 *Ib.*, 491; *Williams* v. *Bank*, 71 *Ib.*, 858.

3. The court erred in not remanding the case to rules, with leave to defendants to amend their answer. *Beard* v. *Green*, 51 Miss., 859; *Jeffries* v. *Jeffries*, 66 *Ib.*, 216. The argument of complainant's counsel that there was no evidence showing that the money was borrowed at ten per cent. from date, and interest

included in the face of the note, was a surprise to defendants' counsel, who thought that fact was not disputed.

4. The court also erred in allowing to complainant the sum of $220.67 attorneys' fee.

*Barnett & Thompson,* for the appellee.

The case of *Morgan* v. *Burrow,* 16 So. Rep., 132, rests on a different, state of facts, and has no application to the present controversy. In the case at bar Champlin prepared the notes and deed of trust on a week-day, inserting, himself, the date, February 1, 1891, which fell upon a Sunday. When they were brought back, the papers, of course, bore the date he had inserted, and he had no reason to believe that they had been actually signed on that day, unless it is further assumed that he prepared them for the purpose of having them signed on the day they bore date. Champlin will not be thus presumed to have encouraged a violation of law contrary to his own interests. Chisholm is dead and Champlin is disqualified as a witness, but it is evident that in dating the contracts on February 1, the latter had in mind the date from which they were to be operative, and not that when they were to be signed. The antedating and postdating of contracts does not affect their validity if they were not actually delivered on Sunday. Some courts have held that instruments bearing date on Sunday will be presumed to have been executed on some other day. *Dohoney* v. *Dohoney,* 7 Bush (Ky.), 217; *DeForth* v. *Railroad,* 9 S. W. Rep., 17. A Sunday transaction is not void as to the party not participating in it or without knowledge of the violation of law. *Block* v. *McMurray,* 56 Miss., 217; *Gibbs* v. *Brucker,* 111 U. S., 597. It makes no difference when the papers were signed, if they were delivered on a week-day. 24 Am. & Eng. Enc. L., 556, note 1, and cases cited. The case of *Kountz* v. *Price,* 40 Miss., 341, relied on by appellants, is without application. There the suit was upon a due bill given on a week-day for salt that had been sold and actually delivered on Sun-

day. It is true that signature to a conveyance of the homestead is all that is required of the wife, but delivery by the husband and acceptance by the grantee are essential to its validity, and until these occur she has a *locus penitentiæ*, and the transaction is not final. By signing she conferred no power to deliver. The law conferred that right upon the husband. She created no agent on Sunday. *Farwell* v. *Webster*, 71 Wis., 485.

It is not even claimed that counsel for appellants was misled by counsel for appellee, and the court properly refused to allow the amendment. Without questioning the good faith of counsel in making the affidavit, we think the record clearly shows that counsel for appellants were influenced by other reasons than the facts therein stated, in not making their answer a cross bill in the first instance. The main defense was, that Champlin had prepared the papers before the first day of February; that the papers were signed on that day, and that the date therein appearing gave notice to Champlin on what day they were signed. To sustain this defense it was of vital importance that Champlin should not be heard, for his testimony to the contrary would have destroyed it. The two defenses were inconsistent; the establishment of the one would have destroyed the other. What opposing counsel really asked of the court was, that they might, at that stage of the case, be permitted to abandon the defense he was relying on and select another. To have permitted the amendment would have caused delay, and its refusal worked no injustice. Code 1892, § 542; *Jeffries* v. *Jeffries*, 66 Miss., 216.

TERRAL, J., delivered the opinion of the court.

This is a bill by J. W. Champlin, beneficiary, and D. R. Barnett, trustee in a deed of trust, against the widow and children of John M. Chisolm, deceased, to foreclose a deed of trust executed by John M. Chisolm and his wife, Mary O. Chisolm, on all the lands of said John M. Chisolm, in Yazoo county, State of Mississippi, including his homestead, to secure two

notes, one for $882, due February 1, 1893, and the other for $808.50, due February 1, 1894, with ten per cent. interest after maturity, and for an attorney's fee of ten per centum thereon provided for by said notes, if placed in the hands of an attorney for collection.

As a defense to the bill, the answers of the defendants set up usury, and against the subjection of the homestead to the trust deed, the fact also that Mary O. Chisolm, the wife of John M. Chisolm, signed the notes and trust deed on the Sabbath day. There was no evidence taken as to the defense of usury, and, on the hearing of the case, and during the argument, the defendants' counsel, seeing the omission, requested the court to remand the case to the rules with leave to amend the answer and make it a cross bill asking for a discovery, etc., which the court declined to do, and the ruling of the court in that matter is made a ground of exception.

The chancellor found, as facts, that the notes and trust deed were signed by Mrs. Chisolm and her husband on a Sunday, but that they were drawn up by Mr. Champlin, and delivered to Chisolm for signature, on a week day, and were, on a week day, delivered by Chisolm to Champlin, with the signatures of Chisolm and wife thereto, and without any notice of their having been signed on Sunday. A decree was made allowing an attorney's fee, and ordering the homestead and other lands to be sold for the payment of the amount found due.

The appellants assign these several rulings for error:

1. A deed takes effect from its delivery, and if delivered on a secular day, it has been held good. 2 Pars. on Cont., 762; *Love* v. *Wells* (25 Ind., 503), 87 Am. Dec., 375. Our statute, § 1983, code 1892, requires a deed of trust, to be valid upon the homestead exempted from execution, to be signed by the wife, but the signing becomes operative only by the delivery of the deed. It is inchoate and imperfect until the deed upon which it is made is delivered to and accepted by the grantee. Her signature on Sunday is a void act against one with knowl-

edge of that fact, but the delivery of the deed on a secular day to a grantee not cognizant of the fact that it was signed on Sunday, is valid as to the wife and all persons claiming under her. The deed of trust having been delivered on a secular day, Champlin had a right to presume that it was signed on a secular day also, for the maxim, *omnia præsumuntur rite acta esse,* applied to the transaction. The presumption is always against fraud or wrong. Lord Campbell, in *Tatum* v. *Catamore,* 71 E. C. L. R., 755. In *Avery* v. *Burden,* 88 E. C. L. R., 972, Pollock, C. B., said: "Where the maxim, *omnia rite acta præsumuntur,* applies, there, indeed, if the event ought properly to have taken place on Tuesday, evidence that it did take place on Tuesday or Wednesday is strong evidence that it took place on Tuesday." It is also a rule of law that no one can take advantage of his own wrong. We think that Mrs. Chisolm was bound by her signature to the deed of trust in this case.

2. The proposed amendment came too late. Our statute provides that amendments shall be allowed in the pleadings and proceedings, on liberal terms, to prevent delay and injustice. Code 1892, § 542 (art. 49, p. 547, code 1857). And in *Walker* v. *Brown,* 45 Miss., 618, an amendment not proposed to be filed until the cause had been prepared and set down for hearing was said to come too late.

3. A stipulation for an attorney's fee is valid. *Brahan* v. *Bank,* 72 Miss., 266.

We are of the opinion that the decree of the chancery court is correct, and it is

*Affirmed.*