Shireman *et al. v.* Wildberger *et al.*

[87 South. 131. No. 21350.]

1. BROKERS. *When broker knows of defect in title, undertaking is to sell what owner has; owner bound to disclose facts which would clear title.*

Where a real estate agent undertakes to make a sale of a piece of property knowing that title is defective, he undertakes, in effect, to sell what the owner has, provided the defect is such as cannot with reasonable effort be overcome by the owner. In such case it is the duty of the owner to make reasonable effort to perfect the title, and, if that may be done by disclosing facts within his knowledge that might remove the difficulty and he fails to do so, the owner cannot escape the payment of fees or commissions earned by the agent in bringing buyer and seller together on terms agreed on.

2. SUNDAY. *Owner not relieved of liability to broker because of signing contract on Sunday.*

Where a principal and agent made a contract on a secular day by which the agent agreed to sell real estate for the principal on given terms, and such agent on secular days procures a purchaser and drafts a written contract, which the principal modifies and signs on Sunday, and which the agent on a secular day gets the purchaser to accept and sign on a secular day, the principal cannot escape liability for paying the agent's commission earned because of the fact that the principal signed the contract on Sunday.

APPEAL from chancery court of Coahoma county.

HON. G. E. WILLIAMS, Chancellor.

Action by R. H. Wildberger and others against E. C. Shireman and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

*Brewer, Brewer & Brewer, J. N. Flowers, Ellis B. Cooper* and *L. R. Ramsey,* for appellants.

*J. W. Cutrer, Sam C. Cook, Jr., J. C. Cutrer* and *Montgomery & Crisler,* for appellees.

No brief found in the record for counsel on either side.

ETHRIDGE, J., delivered the opinion of the court.

Wildberger and the Shiremans entered into a contract by which Wildberger undertook to sell certain farming properties. Under the contract made Wildberger did not have the exclusive right to make the sale, but another party had been given a right to make a sale also, which fact Wildberger knew. Wildberger employed another real estate agent to assist him in making the sale, and this party took up with certain persons the subject of sale and procured a contract for the sale of the lands, which contract in its final form was approved by the Shiremans. When this contract was put in final form it had come to the knowledge of Shireman and of Wildberger that the other agent, a Mr. Wilson, had undertaken to make a contract with Cox & Ellison of Memphis, Tenn., but in making said contract he had departed from his authority and made the contract contrary to the authority vested in him. And these parties were threatening to bring suit for specific performance of their contract, and did institute a suit for that purpose. In the contract between the appellees and Shireman it was provided that Shireman should furnish an abstract showing title, etc. There was delay in furnishing the abstract and before the abstract was furnished the suit was filed seeking specific performance. When this suit was filed the Shiremans took no steps to secure its dismissal, nor did they bring the facts to the attention of Cox & Ellison until after the purchaser had declined to accept the deed unless the suit was dismissed. This did not occur until in January following the making of the contract some months prior thereto. When the agents had secured the original contract from its buyers, a conference was held between the agents and

the Shiremans as to the rights of Cox & Ellison to hold the lands under their contract with Wilson, and Wildberger expressed the opinion that they could not maintain such contract, but requested the Shiremans, inasmuch as he was interested in the subject-matter, to secure the advice of a disinterested attorny. This conference was on Saturday evening, and on the following morning, being Sunday, the Shiremans had a conference with an attorney who was disinterested, who advised the Shiremans that Cox & Ellison had no right to hold them on the contract, but also advised them that no one could prevent Cox & Ellison from instituting a suit. Thereupon on Sunday a contract was drafted in which the original contract was changed in some particulars, and the real estate agents took up with their buyers the proposition of accepting the contract as modified, which they did, the contract being signed by both parties.

After January 1st, when the buyers procured by Wildberger and his associate declined because of the suit to accept the deed and complete the contract by making the payments and going into occupancy, the Shiremans offered to execute an indemnity bond guaranteeing the results of the litigation, but the purchasers refused to accept the bond and refused to accept title unless the suit was removed or disposed of. Thereafter Shireman went to Memphis, had a conference with Cox & Ellison, and then disclosed to Cox & Ellison his version of the facts and made a sale to Cox & Ellison on more favorable terms to Shireman than the contract made with the buyers procured by Wildberger and his associates. Mr. Cox testified on the trial that he accepted the Shireman version as against Wilson's representation, and, if the facts had been brought to their attention before that, they would have dismissed the suit. There was a judgment for Wildberger. and the Shiremans appeal from said judgment.

The appellants earnestly insist that Wildberger should recover nothing because the defect which prevented the consummation of the contract was known to him before

the purchasers procured by him were secured, and that the rule, where a sale of land negotiated by a broker fails because of the inability of the owner to convey a good title, the broker cannot recover his commissions, as the weakness in the title depends upon the facts, of which the broker had notice when he made the sale, applies and prevents a recovery. The principle stated is recognized, and its application in a proper case will undoubtedly defeat a recovery. Wherever a real estate agent undertakes to make a sale of a piece of property knowing that the title is defective, he undertakes, in effect, to sell what the owner has, provided the defect is such a one as cannot be overcome by reasonable effort on the part of the seller. In the present case the title was good. It is undoubted that Wilson's sale was unauthorized as being a departure from his authority to make the sale and imposed no obligation upon the Shiremans to execute the deed on conditions which they had not authorized. The Shiremans were advised by competent counsel before executing the contract secured by Wildberger and knew that he was under no obligation to sell under the terms of that contract. He made no effort to bring the facts to the attention of purchasers secured by Wilson and made no effort to get them to withdraw the suit, or to make and adjustment looking to a settlement of that suit. The proof shows that if he had done so the suit would have been withdrawn. It is argued by the appellants that he was under no obligation and had no power to determine whether the suit would be withdrawn, and that he was not compelled to buy off litigants to secure the title, but that when he offered to indemnify the purchaser that he had done all that could reasonably be required; that all that he could do under the circumstances was to pray for the dismissal of the suit. We do not agree with this view. It was the duty of the Shiremans to bring the facts to the attention of the complainants in that suit, and to make some reasonable effort at getting this cloud removed from his title. We do not hold that he was under any duty to pay the

complainants in that suit any money for peace, but we do hold that it was his duty to bring the facts within his knowledge to their attention, and, if that would satisfy them that their suit was without merit, the suit might have been, and according to the testimony would have been, removed, and the sale consummated.

As to the contract being made on Sunday, we do not think the facts in this case preclude a recovery upon that ground. The contract between Wildberger and the Shiremans was made on a secular day, and Wildberger and his agents had secured prospective purchasers under terms authorized to be given to the buyers on that contract, and a draft of the proposed contract had been prepared by Wildberger and his associate, but this contract was modified by Shireman on Sunday, and afterwards Wildberger and his associate took up with the buyers the proposition of accepting the contract in the modified form, which the purchasers did, and the contract was made and consummated on a secular day. This does not preclude Wildberger from maintaining an action for his commissions.

The judgment of the court below is affirmed.

*Affirmed.*