The state appeals here from a judgment sustaining a demurrer interposed by the appellee to an indictment which charged her and John Doe with forgery. The necessary part of the indictment is here set forth as follows: "Mrs. George B. Ellis, nee Lottie Simmons, and John Doe . . . did then and there wilfully, unlawfully, feloniously, falsely and designedly forge and counterfeit, and wittingly act and assist in the false making forging and counterfeiting a certain written and printed affidavit for marriage license by applicant which said affidavit for marriage license is as follows, that is to say `Affidavit for Marriage License by Applicant, State of Mississippi County of Madison, this day personally appeared before me, L.B. Andrews, Clerk of the Circuit Court in and for said county George B. Ellis Applicant who, upon oath deposeth and saith that the parties applying for license to marry have arrived at the statutory age prescribed by law, 21 and 18 years, respectively and that there is no legal cause to obstruct the marriage of Mr. George B. Ellis and Miss Lottie Simmons for which the license is asked. Geo. B. Ellis. Jackson 154 Glenmary. Subscribed and sworn to before me this the 25th day of September, 1925. L.B. Andrews, Clerk,' with intent then and there wilfully, unlawfully, falsely and feloniously to defraud George B. Ellis and divers other persons to the grand jury unknown, thereby intending feloniously to effect the rights and interest of George B. *Page 364 
Ellis by causing her Lottie Simmons to have the right of the lawful wife of George B. Ellis."
There are several grounds of demurrer, but we call attention to two only: First, that no crime known to the law is charged; second, that said indictment shows on its face that said application for marriage license could not form the basis of any fraud against George B. Ellis.
Of the many statutes on the subject of forgery, we are in agreement with the attorney-general that the indictment herein was evidently drawn under section 931 of the Code of 1930. The crime set forth in this statute may be stated in these words: "Every person who shall be convicted of having forged, . . . or other instrument, being or purporting to be the act of another by which any right or interest in real or personal property shall be or purport to be transferred, conveyed, or in any way changed or affected, . . . with intent to defraud, shall be guilty of forgery."
It will thus be seen that the gravamen of the charge is that she forged the affidavit for a marriage license, and thereby affected the right and interest of George B. Ellis, by causing herself to acquire the rights and interest of the lawful wife of George B. Ellis.
The essential elements of forgery are thus tersely stated: "To constitute the crime of forgery proper, it is essential that three things should exist: (1) there must be a false making or other alteration of some instrument in writing; (2) there must be a fraudulent intent; and (3) the instrument must be apparently capable of effecting a fraud." See 26 C.J., sec. 4, p. 897.
In Moore v. State, 107 Miss. 181, 65 So. 126, 127, this court said: "In order that forgery may be committed, the writing alleged to have been forged must be one which, if genuine, might injure another." In that case, it was stated by the court that even if the paper had been genuine (it purported to be a report to the school board) it would have conferred no power on the county *Page 365 
superintendent to pay any one any money as compensation for having taught the school.
We are constrained to the opinion that the marriage license conferred no power upon the alleged offender to become the wife of, and to defraud, George B. Ellis. Under the laws of this state, she could not become the wife of George B. Ellis without his consent. It is not even alleged in this indictment that a license to marry was issued in pursuance of the alleged false affidavit. The affidavit was not a real or apparent fraud upon the property rights of George B. Ellis.
Intent to defraud some person is a necessary element in an indictment, and, where the paper alleged to have been forged shows that a fraud by virtue thereof could not be perpetrated against any individual, there is no crime alleged. Such we conceive to be the case here. The demurrer to the indictment was properly sustained.
Affirmed.