NERREN, et al. *v.* THE W. T. RAWLEIGH COMPANY.

No. 39309          October 25, 1954          75 So. 2d 78

*Willard L. McIlwain,* Greenville, for appellants.

*J. A. White,* Durant, for appellee.

Hall, J.

C. W. Younger, being indebted to appellee in the amount of $1,068.26, approached appellee's district sales manager at its office in Memphis, Tennessee, and obtained an agreement to liquidate this indebtedness by payments of $50.00 per month upon execution of a promissory note for the stated amount with acceptable comakers. The note was furnished by appellee to C. W. Younger and was dated July 24, 1951, which was a secular day. He later obtained the signatures of appellants on this note and it was mailed back to appellee and was received by it at its Memphis office on Wednesday, August 8, 1951. After making some of the pay-

ments Younger defaulted and under the acceleration clause in the note appellee declared the entire note due and later brought suit against appellants for the balance due, with interest and attorney's fees as therein provided. Appellants' defense is that their signatures were actually placed on the note on a Sunday. It is not claimed that any representative of appellee was present at the time nor that appellee ever had any notice or knowledge that the note was signed on Sunday. The circuit court entered judgment for appellee and the Nerrens appeal, contending that the note was void and unenforceable because actually signed on Sunday and it is their position that this is true notwithstanding the fact that appellee had no notice or knowledge that the actual signing occurred on Sunday.

This contention was answered by this Court in the case of Duggan v. Champlin, 75 Miss. 441, 23 So. 179, wherein it was held that notes and a deed of trust securing the same are not void because actually signed on Sunday, when they were drawn up and delivered to the signers on a secular day and were delivered back to the beneficiary on a secular day and when the beneficiary had no knowledge that the signatures were affixed on a Sunday. To the same effect is 50 Am. Jur. 843, Sundays and Holidays, Section 49.

Affirmed.

*McGehee, C. J.,* and *Kyle, Holmes* and *Gillespie, JJ.,* concur.