## DUNSON *v.* STATE.

No. 39609 March 21, 1955 78 So. 2d 580

*Fred Witty,* Greenwood, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

LEE, J.

This is an appeal by Steve Dunson from a conviction of forgery and a sentence of seven years in the state penitentiary.

The indictment was drawn under Section 2173, Code of 1942, the applicable part of which is: ''Every person who, with the intent to injure or defraud, shall falsely make, alter, forge, or counterfeit any instrument or writing * * * being or purporting to be the act of another, by which any pecuniary demand or obligation shall be or purport to be created, increased, discharged, or diminished, or by which any right or property whatever shall be or purport to be transferred, conveyed, discharged, diminished, or in any manner affected, by which false making, forging, altering or counterfeiting any person may be affected, bound, or in any way injured in his person or property, shall be guilty of forgery.''

Omitting the legal phraseology, the indictment, in effect, charged that Steve Dunson was the truck driver of Greenwood Grocery Company and delivered by truck the

merchandise from the company's warehouse to its customers; that when the main warehouse did not have the desired merchandise, an agent of the company would give to the truck driver a written order to be taken by him to another warehouse to be there filled and to be delivered by the truck driver to the customer; that Steve Dunson well knew this usage and custom; that on January 14, 1953, the agent of the company at the main warehouse gave to Steve Dunson for presentation to an authorized agent at another warehouse of the company a written order as follows: "Wing Lee 4 sx 100 lb Rye 1-14-53"; that the written order, when Steve Dunson presented it to the other warehouse, had been altered so as to read: "Wing Lee 8 sx 100 lb Rye 1-14-53"; that Steve Dunson knew that it had been altered; and that he uttered and put it off as true to an authorized agent of the company at the warehouse to which it had been directed, with intent to cheat, injure and defraud, etc.

In other words the indictment alleged extrinsic facts to show that the alteration of the writing increased the demand thereof from four to eight sacks of rye. It was pointed out in Cohran v. State, ........ Miss. ........, 70 So. 2d 46, in a construction of Section 2172, Code of 1942, that the allegation of such extrinsic facts is necessary.

In State v. Ellis, 161 Miss. 361, 137 So. 102, this Court recognized that the three essential elements necessary to constitute the crime of forgery are: "(1) there must be a false making or other alteration of some instrument in writing; (2) there must be a fraudulent intent; and (3) the instrument must be apparently capable of effecting a fraud." According to the allegations of the indictment, the writing here involved was capable of effecting a fraud, and was altered with a fraudulent intent.

Consequently the appellant's demurrer to the indictment, based on the contention that the writing in question was not susceptible of forgery, was properly overruled.

554

 The State's proof established every material allegation of the indictment, and that a one hundred pound sack of rye, at the time, was worth $8.50. Hence, the appellant's requested peremptory to find him not guilty, founded on the same ground which was urged by the demurrer, was properly refused; and likewise, the motion for a new trial was also properly overruled.

No reversible error appears in the record, and the case is therefore affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Kyle* and *Holmes, JJ.,* concur.