STATE *v.* COHRAN

No 39899 December 19, 1955 83 So. 2d 827

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellant.

*Ethridge & Ethridge,* Oxford, for appellee.

Lᴇᴇ, J.

This is an appeal by the State from a judgment of the Circuit Court of Lafayette County, which sustained a demurrer to the indictment of Mattie Cohran.

The indictment was drawn under Section 2149, Code of 1942, and attempted to charge the crime of false pretenses. Omitting the formal parts, it charged that Mattie Cohran and another: ''late of the County aforesaid, on or about the 30th day of October, 1952, in said County and State did wilfully, unlawfully, knowingly, fraudulently, designedly, and feloniously, with intent to cheat and defraud one Ross Brown and Barry Brown, a partnership, by color of certain false writings, in words and figures as follows, to wit:

| | I. | II. |
|---|---|---|
| | Date 10/30/1952 | Date 10/30 1952 |
| | Liner Jones | Sam Jones |
| | No. $300 | No. $300 |

Reg. No._____Clerk, Account forwarded 52-Reg. No._____

Clerk, Account Forwarded 52

| | | | |
|---|---|---|---|
| | 185 | | 186 |
| | 196 | | 172 |
| | 42 | | 77 |
| .PLM | 423 | PLM | 429 |
| OK | 3 | OK | 3 |
| | 12.69 | | 12.87 |

obtain of and from the said Ross Brown and Barry Brown by means and color of the said false writings

the sum of $25.56 good and lawful money of the United States,

Against the peace and dignity of the State of Mississippi.''

By speculation, it may be assumed that the words and figures, of which profert was made, referred to fraudulent tickets for services rendered in picking cotton. But the indictment did not allege any extrinsic facts in explanation of what such words and figures represented, or what they were intended to be, or wherein they were false.

In Cohran v. State, 219 Miss. 767, 70 So. 2d 46, this same appellee was indicted under Section 2172, Code of 1942, for the forgery of similar cotton tickets. The opinion in that case held that it was necessary, in order for the indictment to allege any offense whatsoever, that it should have alleged extrinsic facts to show how the writing could have been used as evidences of debt or engagements for the payment of money; and because of the failure to allege such extrinsic facts, the indictment did not charge any offense whatsoever.

Dunson v. State, ___ Miss. ___ , 78 So. 2d 580, was a forgery prosecution, under Section 2173, Code of 1942, because of the alteration of a written order for merchandise. The order was in words and figures which would have been unintelligible if the indictment had merely made profert of the order without explanation. But extrinsic facts were charged in explanation of what the words and figures represented, and what they were intended to be, and wherein the forgery consisted.

In a prosecution for false pretenses, it is necessary to charge that the pretenses were false; that the defendant knew them to be false; that he obtained from another certain money or other valuable things; and that the pretenses were the moving cause by which the money or things were obtained. State v. Freeman, 103 Miss. 764, 60 So. 774.

 Because of the absence of extrinsic facts in explanation of the pretense and wherein it consisted, the indictment was fatally defective. In addition, it also failed to charge that the defendants knew that the writings were false.

Consequently the demurrer was properly sustained and the cause is affirmed.

Affirmed.

*McGehee*, C. J., and *Roberds, Holmes* and *Arrington*, JJ., concur.