BROOM, Justice,
for the Court:
Check forgery is the offense for which the defendant, Lindsey Harper, was convicted in the Circuit Court of the First Judicial District of Hinds County. Sentenced to fifteen years imprisonment with five years suspended, he appeals contending that (1) the indictment charged no crime, (2) his motion for continuance was erroneously overruled, and (3) the evidence was insufficient to support the verdict of guilty. We affirm.
Briefly stated, the facts are as follows. On October 22,1979, the defendant presented to First National Bank in Jackson, Mississippi, a check dated the preceding day, October 21, 1979, which was a Sunday. Payee of the check was the defendant. He testified the check was given him by some woman for painting, but he failed to name or identify her. The check was drawn upon the joint checking account of R. M. Thompson (for whom the defendant previously did some work) and, Mrs. Jan Johnston and had on it what appeared to be the signature of Ms. Jan Johnston (not “Mrs.”) as maker. Mrs. Johnston, Thompson’s daughter, denied signing the check. The defendant endorsed the check but First National Bank refused payment. That same date, October 22, 1979, the defendant was arrested and charged, and the November 1979 grand jury indicted him for uttering and publishing as true the check knowing it to be forged. Trial was on January 29,1980, and the jury found him guilty as charged.
The thrust of his first argument is that the check bearing a notation “for painting” was a written contract — void because made on Sunday. He contends that being void on its face, the check is not the subject of forgery. Wilson v. State, 85 Miss. 687, 38 So. 46 (1904). Therefore, according to him, the trial court erred in overruling his motion to quash the indictment based upon Mississippi Code Annotated § 97-23-63 and § 97-23-67 (1972). In substance, these “Blue Law” statutes prohibit certain work and business activities on Sundays. Although these statutes prohibit certain activities on Sundays, they exempt certain other activities and business transactions and, as pointed out by the defendant, “painting” is not one of the exempted activities. In support of his argument that contracts entered *313 into on Sunday are void, the defendant cited several Mississippi cases. He now argues that the lower court erroneously overruled his motion because the check, being a contract dated on Sunday issued in payment “for painting,” was void on its face and could not be the subject of forgery or basis for a valid indictment.
Our view is that the position of the defendant, if followed by this Court, would allow forgers and the like to observe the calendar, date their forged instruments on a Sunday, and thus be immunized from prosecution. It is true that according to our case law, in order for an instrument to be a basis of forgery, it must possess some legal efficacy. The rationale is that otherwise the instrument would not contain the potential to defraud and injure another. We have held, therefore, that if the instrument in question could not create a liability, it could not be the basis for a forgery. Dunson v. State, 223 Miss. 551, 78 So.2d 580, 581 (1955). Thus presented here is the question: could the check in question create a liability and have worked a fraud? The answer to this question has to be affirmative. When someone presents a check to a bank for cashing, the bank’s main inquiry is whether it has on deposit sufficient funds in the check maker’s account to cover the check. Banks in this regard take reasonable precautions in accord with Mississippi Code Annotated § 75-3-505 (1972) to insure that the presenter of the check is authorized to do so. First National’s alert teller took these precautions and did not cash the check because it was a forgery, not because it was dated on Sunday. Under Mississippi Code Annotated § 75-3-417 (1972), one who obtains payment through presentation of commercial paper, such as a check, warrants to the good faith payor that the presenter has good title to the instrument. Good title presumes a valid instrument based on a legal transaction, and accordingly banks may safely cash checks regardless of whether dated on a Sunday. Notwithstanding the defendant’s argument, this Sunday-dated check was cashable and therefore possessed sufficient legal efficacy to create a liability.
We have held that even though a contract is signed and finalized on a Sunday, evidence that it had been negotiated and agreed upon on a secular day will validate the contract. Ware v. Martin, 210 Miss. 500, 49 So.2d 832 (1951); Nerren v. W. T. Rawleigh Co., 222 Miss. 21, 75 So.2d 78 (1954); Foster v. Wooten, 67 Miss. 540, 7 So. 501 (1890). In C. Buck Bush Realty Co. v. Whetstone, 266 So.2d 135 (Miss.1972), the defendant attempted to have a Sunday-dated contract made through his broker declared void, but we held that absent proof that a 11 of broker’s work had transpired on a Sunday, the contract was valid. Similarly, a contract executed by one party on a Sunday without the knowledge of the other party is valid and enforceable as to the innocent party. Shireman v. Wildberger, 125 Miss. 199, 87 So. 131 (1921); Duggan v. Champlin, 75 Miss. 441, 23 So. 179 (1897). As against the innocent party, to permit the wrongdoer to avoid the contract on these facts and take advantage of his own wrong would be unconscionable. Likewise to exonerate the defendant on his theory that this check is void, which check he obviously desired that the bank honor, would amount to telling “Sunday forgers” that they may with impunity reap the benefits of forgery while defrauding others. Our decision here gives reasonable interpretation to our “Blue Laws” statutes and those relating to the utterance of forged checks. We are unwilling to construe our “Blue Laws” so as to hold that all checks dated on Sunday are void and thereby immunize badcheck artists who date checks on Sunday and pass them on Monday. As previously held by us, we will not impute an unjust or unwise purpose to the legislators who enact statutes for the public good as they intended in enacting the “Blue Laws” and laws on forgery. Baker v. State, 327 So.2d 288, 291 (Miss.1976). Our “Blue Laws” making certain otherwise legal activities unlawful if performed on Sunday cannot be reasonably construed to have the ludicrous result of making the crime of forgeiy lawful if perpetrated on Sunday.
*314 Next argument is that the court wrongfully denied the defendant a continuance. The record shows that after the defendant was indicted on December 3, 1979, he was tried on January 29, 1980. He was arraigned with counsel on December 14, 1979, which counsel was removed and other counsel appointed for the defendant on January 15, 1980, some two weeks prior to his trial. Basis of his motion for continuance is that his counsel needed time to prepare his defense and gain the presence of a missing witness. He says that because his witness was absent, he had no other alternative except to testify in his own behalf which brought about revelation of his prior criminal convictions. The record fails to show that the defendant, pursuant to the requirements of Mississippi Code Annotated § 99-15-29 (1972), used due diligence to procure the presence of the absent witness. Thigpen v. State, 206 Miss. 87, 39 So.2d 768 (1949); Worthy v. State, 308 So.2d 921 (Miss.1975); Diddlemeyer v. State, 234 So.2d 292 (Miss.1970).
Lastly, argument is made that the evidence was insufficient to support a conviction. The jury rejected the defendant’s defense that a woman had given him the forged check for painting and that he was innocent. We deem it unnecessary to detail any further the evidence offered by the state except to say that it was sufficient to present a question for the jury, which question was resolved unfavorably to the defendant. No reversible error is demonstrated.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and HAWKINS, JJ., concur.