Vaughn Laird was convicted in the Circuit Court of the First Judicial District, Hinds County, Honorable Reuben M. Anderson, Special Judge, presiding, on a charge of forgery and was sentenced to fifteen years with the Department of Corrections, under the habitual offender statute, and he has appealed to this Court.
The appellant contends that the court erred in declining to enter a directed verdict of not guilty for the reason that the state failed to prove a false making of the instrument and fraudulent intent.
At the conclusion of the evidence offered on behalf of the state, appellant rested his case. The evidence favorable to the state indicates that, on May 28, 1980, a check in *Page 36 
the amount of $356.44, payable to Vaughn Laird, drawn on the account of Central Mississippi Chapter of the American Red Cross in The Mississippi Bank, and signed by Robert Winn and Eddie Williams, as makers, was presented to Micky's Fairway Supermarket in Jackson, Mississippi. The instrument was indorsed in the presence of Mr. Hardab Sood, an employee of Micky's Fairway Supermarket, was cashed by him, and was returned to the store later by The Mississippi Bank as a forgery.
Appellant was arrested by Officer M.S. Rochester of the Jackson Police Department, he was advised of his Miranda rights, and, when the check was shown to him, appellant looked at the indorsement and said that it looked like his handwriting. He was booked for forgery and subsequently, Detective C.J. Husbands let him inspect the check. Appellant told Detective Husbands that it looked like his handwriting and it looked like he was on his way back to Parchman. Later, while in jail, appellant asked to see Officer Rochester and told him that "he had come into possession of the check because his wife brought the check home with her."
Mr. Tom Packer, a questioned document examiner for the Jackson Crime Laboratory, testified that he compared the check with known handwriting specimens of appellant and that the indorsement on the forged instrument was that of appellant. He was unable to determine the author of the writing on the face of the check. Miss Frances Simmons of the Central Mississippi Chapter of the American Red Cross testified that the instrument was a forgery, that no authorization had been given for the drawing of the check, and that the signatures of Robert Winn and Eddie Williams were false.
The elements of forgery are stated in Dunson v. State,223 Miss. 551, 78 So.2d 580 (1955), as follows:
 In State v. Ellis, 161 Miss. 361, 137 So. 102, this Court recognized that the three essential elements necessary to constitute the crime of forgery are: "(1) there must be a false making or other alteration of some instrument in writing; (2) there must be a fraudulent intent; and (3) the instrument must be apparently capable of effecting a fraud." According to the allegations of the indictment, the writing here involved was capable of effecting a fraud, and was altered with a fraudulent intent (223 Miss. at 553, 78 So.2d at 581-582)
Appellant admitted that the indorsement on the forged instrument is his signature and the handwriting expert corroborated that testimony. However, appellant argues that the prosecution did not prove appellant forged the writing or signatures of the makers on the face of the check and, therefore, should have been granted a directed verdict. Appellant stated that he received possession of the check from his wife, who brought it home with her. Possession of a forged check by an accused, which he claims as a payee, is prima facie evidence that he either forged the instrument or procured it to be forged.Green v. State, 152 Miss. 282, 119 So. 808 (1929); 36 Am.Jur.2d Forgery § 44, p. 706 (1968). Appellant offered no evidence to rebut the prima facie case of forgery and did not attempt to overcome the presumption resulting from his possession of the forged instrument. We are of the opinion that the evidence was sufficient to support the guilty verdict returned by the jury.Saik v. State, 387 So.2d 751 (Miss. 1980); Warn v. State,349 So.2d 1055 (Miss. 1977); Redwine v. State, 149 Miss. 741,115 So. 889 (1928).[1]
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and HAWKINS, JJ., concur.
[1] Appellant was charged with forgery. As a general rule, it is easier for the state to prove the crime of uttering a forged instrument as opposed to forgery. Here, a more simple case of uttering a forged instrument could have been proven. *Page 37