# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-00801-COA

**SHARON SALLIE A/K/A SHARON JEAN SALLIE A/K/A SHARON PLAXICO SALLIE**  APPELLANT

v.

**STATE OF MISSISSIPPI**  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/11/2016 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| COURT FROM WHICH APPEALED: | TIPPAH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: MOLLIE MARIE MCMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| DISTRICT ATTORNEY: | BENJAMIN F. CREEKMORE |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNT I, CONSPIRACY TO COMMIT FALSE PRETENSES, AND SENTENCED AS A HABITUAL OFFENDER TO FIVE YEARS; AND COUNT II, FALSE PRETENSES, AND SENTENCED AS A HABITUAL OFFENDER TO TEN YEARS, WITH THE SENTENCES TO RUN CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND TO PAY RESTITUTION JOINTLY AND SEVERALLY IN THE AMOUNT OF $15,518.25 |
| DISPOSITION: | AFFIRMED: 04/25/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., FAIR AND WILSON, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.    Sharon Sallie was convicted of conspiring with her daughter, Jessica Plaxico, and

son-in-law, Ahmad Fryar, to obtain money from Wilma Colom through false pretenses, and for actually committing the crime of false pretenses. The circuit court sentenced Sallie as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015), ordering that she serve five years for her conspiracy conviction and ten years for her false-pretenses conviction. The court further ordered that the sentences run concurrently and that Sallie pay restitution jointly and severally in the amount of $15,518.25 (the total amount of money that Colom lost from the scam).

¶2. Sallie claims, for the first time on appeal, that her indictment in Count II was fatally flawed because it did not contain specific facts surrounding the alleged crime. Finding Sallie's indictment sufficient, we affirm the judgment of the circuit court.

**FACTS**

¶3. Colom owned a motel in Tiplersville, Mississippi. Plaxico and Fryar were two of her tenants. Colom testified that Plaxico often came to her with financial problems and that she was not an "ideal tenant." The scam leading to Sallie's conviction started when Plaxico told Colom that a doctor left medical tools inside her body when she gave birth to her child. Plaxico said she planned to sue the doctor and claimed that she needed money for the lawsuit. She promised that she would repay Colom once she had the money. When Colom asked Sallie if Plaxico's story was true, Sallie said that it was. Plaxico initially asked Colom to send money through Moneygram in Sallie's name because she was the only one with valid identification. Colom sent Sallie $2,160 in September 2012, and then two $50 money orders

– one in October 2012 and one in July 2013.

¶4. Colom kept giving money directly to Plaxico and Fryar until she found out there was no lawsuit in Plaxico's name. She testified that, although Sallie did stop telling her to send money, Sallie never said the story was a scam. Sallie testified that Colom kept sending Plaxico and Fryar money even though she told her there was no pending lawsuit. Sallie also denied ever conspiring with Plaxico and Fryar.

## DISCUSSION

¶5. Sallie claims that Count II of the indictment was defective because it lacked an essential element of the crime – the specific nature of the false pretenses – and prevented her from preparing an adequate defense. She further argues that the indictment did not provide specific details protecting her from double jeopardy.

¶6. "Challenges to the substantive sufficiency of an indictment may not be waived and consequently may be raised for the first time on appeal." *Ross v. State*, 954 So. 2d 968, 1015 (¶126) (Miss. 2007) (citing *State v. Berryhill*, 703 So. 2d 250, 254 (¶16) (Miss. 1997)). Since "a challenge to an indictment for failure to charge the essential elements of a criminal offense affects a fundamental right," it "may not be waived." *Id.* (citing *Jefferson v. State*, 556 So. 2d 1016, 1019 (Miss. 1989)).

¶7. On Count II, Sallie was indicted under Mississippi Code Annotated section 97-19-39(2) (Rev. 2014), which states in pertinent part:

> Every person, who with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by another false pretense, obtain the

3

signature of any person to any written instrument, or obtain from any person any money, personal property, or valuable thing, with a value of Five Hundred Dollars ($500.00) or more, upon conviction thereof shall be guilty of a felony and punished by imprisonment in the State Penitentiary not exceeding ten (10) years, and by a fine not exceeding Ten Thousand Dollars ($10,000.00).

Count II of Sallie's indictment read:

[O]n or about and between the dates of September 1, 2012 – October 15, 2013, a date more certain unknown to the grand jury, Sharon Sallie wilfully, unlawfully, feloniously and knowingly with intent to cheat or defraud Wilma Colom by color of any false token or writing, or by another false pretense, did obtain from Wilma Colom, money with a value of Five Hundred Dollars ($500.00) or more in violation of Section 97-19-39, Mississippi Code, 1972, as amended . . . .

¶8. An indictment that tracks the language of the statute is generally sufficient to inform the accused of the charge against her, as long as the statute "fully, directly, and expressly, without any uncertainty or ambiguity," sets out all of the elements necessary for the offense. *Tran v. State*, 962 So. 2d 1237, 1241 (¶17) (Miss. 2007). Depending on the nature of the case and language of the statute, some indictments may need additional words or facts to sufficiently put a defendant on notice. *Id*. Sallie argues that, based on our supreme court's ruling in *State v. Cohran*, 83 So. 2d 827 (Miss. 1955), her case falls into the latter category.

¶9. In *Cohran*, the State appealed the circuit court's judgment sustaining the defendant's demurrer to the indictment because the indictment was defective. *Id*. at 827. The defendant had been charged under Mississippi Code Annotated section 2149 (Rev. 1942) for falsifying cotton tickets. *Cohran*, 83 So. 2d at 827-28. In 1955, section 2149 read as follows:

Every person who, with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by another false pretense, obtain a

4

signature of any person to any written instrument, or obtain from any person any money, personal property, or valuable thing . . . shall be punished by imprisonment . . . .

The indictment charged that the defendant:

[D]id wilfully, unlawfully, knowingly, fraudulently, designedly, and feloniously, with intent to cheat and defraud one Ross Brown and Barry Brown, a partnership, by color of certain false writings, in words and figures as follows, to wit:

| I. | II. |
|---|---|
| Date 10/30/1952 | Date 10/30/1952 |
| Sam Jones | Liner Jones |
| No. $300 | No. $300 |
| Reg. No. ___ Clerk, Account | Reg. No. ___ Clerk, Account |
| [F]orwarded 52 | Forwarded 52 |
| 185 | 186 |
| 196 | 172 |
| 42 | 77 |
| PLM  423 | PLM  429 |
| OK    3 | OK    3 |
| 12.69 | 12.87 |

obtain of and from the said Ross Brown and Barry Brown by means and color of the said false writings the sum of $25.56 good and lawful money of the United States,

Against the peace and dignity of the State of Mississippi.

5

*Cohran*, 83 So. 2d at 827-28.

¶10.    The supreme court stated that the indictment was speculative since there were no extrinsic facts showing how the words and figures in the tickets were fraudulent. *Id*. at 828. In affirming the circuit court's judgment, the court held:

> [For a prosecution of] false pretenses, it is necessary to charge that the pretenses were false; that the defendant knew them to be false; that he obtained from another certain money or other valuable things; and that the pretenses were the moving cause by which the money or things were obtained . . . .
>
> Because of the absence of extrinsic facts in explanation of the pretense and wherein it consisted, the indictment was fatally defective. In addition, it also failed to charge that the defendants knew that the writings were false.

*Id*. (citing *State v. Freeman*, 60 So. 774 (Miss. 1913)). *See also Westmoreland v. State*, 286 So. 2d 807, 809 (Miss. 1973).

¶11.    The present case is readily distinguishable from *Cohran* because Sallie's indictment was not speculative.  Sallie was clearly charged for willfully, unlawfully, feloniously, and knowingly obtaining more than $500 from Colom through false pretenses.  Her indictment fully and directly set out all of the elements necessary for her offense.  *See Tran*, 962 So. 2d at 1241 (¶17).  Therefore, no additional facts were necessary.  Accordingly, we affirm the circuit court's judgment.

¶12.    **THE JUDGMENT OF THE CIRCUIT COURT OF TIPPAH COUNTY OF CONVICTION OF COUNT I, CONSPIRACY TO COMMIT FALSE PRETENSES, AND SENTENCE AS A HABITUAL OFFENDER OF FIVE YEARS; AND COUNT II, FALSE PRETENSES, AND SENTENCE AS A HABITUAL OFFENDER OF TEN YEARS, WITH THE SENTENCES TO RUN CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND TO PAY RESTITUTION JOINTLY AND SEVERALLY IN THE AMOUNT OF $15,518.25, IS**

6

**AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TIPPAH COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**